**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMAL YASIN ATALLAH ALFAOURI, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 06-73066 <br><br> Agency No. A077-305-194 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2010[**]
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

Jamal Yasin Atallah Alfaouri, a native and citizen of Jordan, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we

deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Arrozal v. INS*, 159 F.3d 429, 432 (9th Cir. 1998). The BIA was within its discretion when it denied Alfaouri's motion to reopen to apply for adjustment of status on the merits, as Alfaouri did not submit clear and convincing evidence indicating a strong likelihood that his marriage to a U.S. citizen is bona fide. 8 C.F.R. § 204.2(a)(1)(iii) (establishing regulatory presumption that marriages entered into during proceedings are fraudulent); 8 C.F.R. § 204.2(a)(1)(iii)(A)-(B) (procedure for rebutting such presumption); *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002) (setting standard for rebutting such presumption). Most of Alfaouri's proffered evidence related to the fact of his marriage, not its bona fide nature, and was thus irrelevant to the BIA's inquiry. *Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003). Alfaouri's joint tax return was relevant but was not nearly sufficient to meet the standard set forth in *Velarde-Pacheco*, and the BIA was within its discretion to find as much.

Claims of due process violations in deportation proceedings are reviewed de novo. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Alfaouri claims that the Department of Homeland Security, not the BIA, has exclusive jurisdiction to determine the bona fide nature of marriages. He is mistaken. The BIA may deny a motion to reopen on the ground that, even if the movant were able to satisfy all threshold inquiries, the movant would nonetheless not be entitled to a discretionary

grant of relief, 8 C.F.R. § 1003.2(a); *INS v. Abudu*, 485 U.S. 94, 105 (1988), and the BIA may determine in the first instance the bona fides of a marriage to inform its exercise of discretion. *See Velarde-Pacheco*, 23 I. & N. Dec. at 256 (BIA exercising its jurisdiction to evaluate the bona fides of a marriage). Mr. Alfaouri was able to reasonably present his case to the body authorized to hear it, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and his due process claim is therefore unavailing.

**PETITION FOR REVIEW DENIED.**

*Alfaouri v. Holder*, No. 06-73066

PREGERSON, Circuit Judge, dissenting:

I respectfully dissent. We have repeatedly held that the BIA abuses its discretion in denying a motion to reopen "when it fails to consider and address in its entirety the evidence submitted by a petitioner . . . ." *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (internal quotation marks omitted).

In its order denying Alfaouri's motion to reopen, the BIA concludes that Alfaouri has failed to establish a "bona fide marriage" under 8 C.F.R. § 204.2(a)(1)(iii)(B) because Alfaouri has "not submitted sufficient documentary evidence to establish commingling of financial resources or a common residence." But the BIA does not discuss or even mention the joint income tax return of Alfaouri and his American-citizen spouse, which Alfaouri submitted to support his claim of a bona fide marriage. Such evidence, if considered, could have supported a finding that Alfaouri and his American-citizen spouse had commingled their financial resources and had a common residence. In my view, the BIA's failure to consider this evidence was an abuse of discretion. Accordingly, I would grant Alfaouri's petition and remand to the BIA for reconsideration of Alfaouri's motion to reopen.

My colleagues in the majority conclude that the BIA did not abuse its discretion in denying the motion to reopen because "Alfaouri's joint tax return was

. . . not nearly sufficient to meet the standard" for a bona fide marriage under the BIA's case law. Maj. Op. at 2. That may be so, but it is for the BIA, not our court, to pass upon the significance of the joint income tax return in the first instance. "We cannot affirm the BIA or IJ on a ground upon which it did not rely." *Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011). Instead, "we 'must decide whether to grant or deny the petition for review based on the Board's or IJ's reasoning rather than our own independent analysis of the record.'" *Id.* (internal marks omitted) (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004)).

Accordingly, I would remand to the BIA for it to consider the significance of Alfaouri's joint income tax return in the first instance.